In re Sheldon STRATMAN, Kathleen Stratman, Debtors.

Sheldon STRATMAN, Kathleen Stratman, Plaintiffs,

v.

MISSOURI DIVISION OF EMPLOYMENT SECURITY, Defendant.

Bankruptcy No. 95–30379.
Adversary No. 97–3163.

United States Bankruptcy Court, S.D. Illinois.

Feb. 26, 1998.

William A. Mueller, Joseph A. Swope, Jr., Belleville, IL, for Debtors.

Larry R. Ruhmann, Mo. Dept. of Labor & Indus. Rel., Div. of Employment Security, St. Louis, MO, Ronald J. Miller, Ninion S. Riley, Mo. Dept. of Labor & Indus. Rel., Div. of Employment Security, Jefferson City, MO, for Defendant.

Wesley D. Wedemeyer, Office of U.S. Atty., St. Louis, MO, for U.S.

## OPINION

LARRY LESSEN, Bankruptcy Judge.

The issue before the Court is whether the Missouri Division of Employment Security violated the automatic stay of 11 U.S.C. § 362(a) when it recouped prepetition unemployment benefit overpayments by withholding postpetition unemployment benefits.

The parties have stipulated to the following facts: On June 14, 1993, Kathleen Stratman filed with the Missouri Division of Employment Security (MDES) a claim for unemployment benefits. During the period of time from June 14, 1993, through September 25, 1993, Ms. Stratman filed weekly unemployment claim cards with MDES on which she represented that she performed no work and received no earnings. Upon MDES' belief that Ms. Stratman was not earning or receiving pay during the time for which she claimed benefits, MDES paid such benefits to Ms. Stratman.

During the weeks in 1993 in which Ms. Stratman received unemployment benefits, she also earned and received pay for work. On March 25, 1994, MDES issued a determination that Ms. Stratman was overpaid unemployment benefits in the amount of $953. This determination included a finding of willful failure to disclose earned income during the period for which a claim was made. This determination became final.

On March 22, 1995, Ms. Stratman, along with her husband, Sheldon Stratman, filed a petition pursuant to Chapter 13 of the Bankruptcy Code. Schedule F filed therein listed a

debt of $998 to MDES as a general unsecured debt.

On May 9, 1995, the Court entered an Order confirming the Debtor's Original Chapter 13 plan which provided for repayment of the debt to MDES as a general unsecured creditor not to receive less than 10% repayment under local rule. A First Amended Chapter 13 plan was subsequently approved on January 6, 1996. The amended plan also provided for repayment of the debt to MDES as a general unsecured creditor not to received less than 10% under local rule. Both the Original and First Amended Plan were noticed to MDES, and MDES did not object to confirmation of either the Original or First Amended Chapter 13 Plans. MDES filed its general unsecured claim for $953 on May 4, 1995.

In July, 1997, Ms. Stratman became unemployed and filed a claim for unemployment compensation with MDES. On July 22, 1997, pursuant to a state law right of recoupment under § 288.380.11 RSMo, MDES withheld payment of unemployment compensation to Ms. Stratman of $141 and instead applied the funds to the overpayment scheduled and provided for in this bankruptcy proceeding; the same was done with subsequent benefits until the $953 overpayment was recouped in its entirety.

The Stratmans have filed an adversary complaint against MDES requesting an injunction, turnover of funds and damages. MDES' response includes a counterclaim for recoupment. The parties have stipulated to the foregoing facts and have submitted briefs in support of their respective positions.

The first issue to be resolved by the Court is whether MDES' withholding of postpetition unemployment benefits to recover prepetition unemployment benefit overpayments constitutes recoupment.

■ 11 U.S.C. § 553 allows a creditor to offset certain mutual debts in a bankruptcy proceeding. In effect, setoff elevates an unsecured claim to secured status, to the extent that the debtor has a mutual, prepetition claim against the creditor. *In re Cooks,* 157 B.R. 385, 388 (Bankr.S.D.Ohio 1993). Mutuality of claims means that the claims are asserted against the same entity in the same capacity; the mutual claims need not arise in the same transaction. Accordingly, the availability of setoff turns on whether the claims of the creditor and the debtor both arose prepetition or both arose postpetition; a creditor may not set off a prepetition claim against a postpetition obligation. *In re Calstar, Inc.,* 159 B.R. 247 (Bankr.D.Minn.1993).

■ Unlike setoff, recoupment does not appear in the Bankruptcy Code. However, the Supreme Court has recently observed that courts have permitted the use of recoupment in bankruptcy cases. *Reiter v. Cooper,* 507 U.S. 258, 265, n. 2, 113 S.Ct. 1213, 1218, n. 2, 122 L.Ed.2d 604 (1993). Recoupment has some of the characteristics of setoff. Both setoff and recoupment have a common origin and are equitable in nature. Recoupment, however, is more limited in its application. Under the doctrine of recoupment, a defendant can meet a plaintiff's claim with a countervailing claim that arose out of the same transaction as the Plaintiff's claim or cause of action, for the purpose of abatement or reduction of such claim. *In re Klingberg Schools,* 68 B.R. 173, 178 (N.D.Ill.1986), aff'd. 837 F.2d 763 (7th Cir.1988); 4 Collier on Bankruptcy 553.03, at 553–17 (15th ed.1994). There are two limitations on the doctrine of recoupment: First, the claims must arise from a single contract or transaction. *In re American Sunlake Ltd. Partnership,* 109 B.R. 727, 730 (Bankr.W.D.Mich.1989). Second, there must be some type of "overpayment" whether accidentally made or contractually made. *In re Public Service Co. of New Hampshire,* 107 B.R. 441, 445 (Bankr. D.N.H.1989). In this case, the only dispute is whether the Debtor's claim for unemployment benefits and MDES' claim for recoupment arise out of a single integrated transaction.

■ The right to recoupment arises within the statutory scheme established by the Missouri Employment Security Law which is located in Chapter 288 of the Revised Statute of Missouri. The Missouri Department of Labor and Industrial Relations, Division of Employment Security, administers the Missouri Employment Security Law; it pays Missouri unemployment benefits pursuant to

the provisions of that law and recovers unemployment benefit overpayments pursuant to the provisions of that law. Section 288.380.11 RSMo specifically provides that an individual who receives unemployment benefits through nondisclosure or misrepresentation is obligated to repay the benefits or have the overpaid benefits deducted from future unemployment benefits. Thus, there is a logical relationship between payment of Missouri unemployment benefits and the recovery of Missouri unemployment benefit overpayments. Accordingly, the two arise from the same transaction.

Case law consistently supports the conclusion that withholding postpetition unemployment benefits to recover a prepetition benefit overpayment is recoupment. *In re Ross,* 104 B.R. 171 (E.D.Mo.1989); *Matter of Gaither,* 200 B.R. 847 (Bankr.S.D.Ohio 1996); *In re Maine,* 32 B.R. 452 (Bankr.W.D.N.Y.1983); *In re Morris,* Case No. 83–02512–SJ–W–3, Adv. No. 89–5007–SJ–W–7 (Bankr.W .D.Mo. Aug. 21, 1989); *In re Kizer,* Case No. 89–30205 (Bankr.S.D.Ill. Sept. 12, 1990) (Coutrakon, J.); *In re Johnson,* Case No. 88–03743–13 (Bankr.D.Id. March 20, 1989).

■ The next issue is whether the postpetition exercise of the right of recoupment violates the automatic stay. This Court has previously held that "the right of recoupment is exempt from the operation of the automatic stay of 11 U.S.C. § 362". *In re CDM Management Services, Inc.,* Case No. 96–02631–11 (Bankr.S.D.Ind. Feb. 26, 1997) (Lessen, J.). The rationale for this holding is that a "debtor cannot hide behind the automatic stay to protect himself from the burden of such contract while reaping the benefits of the same contract". *In re Visiting Nurse Association of Tampa Bay, Inc.,* 121 B.R. 114, 119–20 (Bankr.M.D.Fla.1990). This represents the majority view. *In re Ross, supra,* 104 B.R. at 173; *Matter of Gaither, supra,* 200 B.R. at 850; *In re Maine, supra,* 32 B.R. at 455. Accordingly, MDES' recoupment did not violate the automatic stay.

For the foregoing reasons, the Plaintiffs' Complaint for Injunction, Turnover of Funds, and Damages is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.